UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANAE ROCQUEL MOTLEY,

        Plaintiff,

-against-

JANAE ROCQUEL MOTLEY ESTATE, et al.,

        Defendants.

1:23-CV-10268 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        By order dated and entered December 13, 2023, the Court directed Plaintiff, who appears *pro se*, within 30 days, to either pay the $402 in fees to commence this civil action or submit an *in forma pauperis* ("IFP") application. (ECF 3.) Five days later, on December 18, 2023, Plaintiff filed what the Court understands to be a notice of interlocutory appeal. (ECF 4.) On January 30, 2024, Plaintiff filed a "Ships Manifest Master Bill of Lading." (ECF 5.)

        The Court understands Plaintiff's notice of interlocutory appeal (ECF 4), which was filed within 10 days of the entry of the December 13, 2023 non-final order, as being an application to file an interlocutory appeal of that order. *See* 28 U.S.C. § 1292(b) ("The Court of Appeals which would have jurisdiction of an [interlocutory] appeal of such action may thereupon, in its discretion, permit an [interlocutory] appeal to be taken from such order, if application is made to it within ten days after the entry of the order."); *Mei Xing Yu v. Hasaki Rest., Inc.*, 874 F. 3d 94, 97 (2d Cir. 2017) (construing a notice of appeal filed in the district court within the 10-day period to file an application for an interlocutory appeal to be a timely filed application to file an interlocutory appeal). For the reasons discussed below, however, the Court retains jurisdiction of this action, despite the filing of that notice of appeal, and dismisses this action without prejudice.

## DISCUSSION

**A.     The Court retains jurisdiction of this action**

The Court retains jurisdiction to consider and dismiss this action, despite the filing of the notice of interlocutory appeal. Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "The divestiture of jurisdiction rule is, however, not a per se rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed 'to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.'" *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (quoting *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989)). For example, the rule "does not apply where an appeal is frivolous[,] [n]or does it apply to untimely or otherwise defective appeals." *China Nat'l Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F. Supp.2d 579, 595 (S.D.N.Y. 2012) (internal quotation marks and citation omitted, alterations in original).

Plaintiff filed a notice of appeal on December 18, 2023, in response to the Court's December 13, 2023 order directing her to pay the fees to bring this civil action or submit an IFP application. Because Plaintiff is attempting to appeal from a non-final order directing her to comply with the fee or IFP requirements to commence this civil action, and because her appeal has not been certified as an interlocutory appeal by the Court of Appeals, Plaintiff's appeal is frivolous and plainly defective. Accordingly, this Court retains jurisdiction of this action. *See, e.g.*, *Rodgers*, 101 F.3d at 252 (deeming a notice of appeal from a non-final order to be "premature" and a "nullity," and holding that the notice of appeal did not divest the district court of jurisdiction); *Gortat v. Capala Bros., Inc.*, No. 07-CV-3629, 2008 WL 5273960, at *1 (E.D.N.Y. Dec. 18, 2008) (Gold, M.J.) ("An exception . . . [to the general rule that an appeal

deprives a district court of jurisdiction] applies where it is clear that the appeal is defective, for example, because the order appealed from is not final and has not been certified for an interlocutory appeal."); *see also Scamp v. Higgins Family Trust*, No. 23-CV-1418 (LTS), 2023 WL 2664098, at *1 (S.D.N.Y. Mar. 27, 2023) ("Plaintiff filed a notice of appeal in response to an order directing her to pay the fees or submit an IFP application. Because Plaintiff is attempting to appeal from a nonfinal order that has not been certified for interlocutory appeal, the notice of appeal is plainly defective. Accordingly, this Court retains jurisdiction of this action.").

**B.     This action is dismissed without prejudice**

The Court's December 13, 2023 order directed Plaintiff, within 30 days, to either pay the fees to bring this civil action or submit an IFP application. That order also informed her that failure to comply with that order would result in dismissal of this action. Plaintiff has not paid the fees or filed an IFP application. Accordingly, the Court dismisses this action without prejudice due to Plaintiff's failure to comply with the Court's December 13, 2023 order.

## CONCLUSION

The Court dismisses this action without prejudice. See 28 U.S.C. §§ 1914, 1915.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated:   March 11, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge